UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGE'S AUTO REPAIR &
SERVICE, INC.,

    Plaintiff,

v.                                     Case No.:   2:21-cv-655-SPC-NPM

CENTURY SURETY COMPANY,

    Defendant.
_____/

## ORDER[1]

Before the Court is Plaintiff Ange's Auto Repair & Service, Inc.'s Amended Motion to Dismiss (Doc. 52). There is no need to await Defendant Century Surety Company's response. Also here are Century's Motions for Summary Judgment (Doc. 41) and Sanctions (Doc. 48). The Court grants Ange's Auto's Motion and denies Century's Motions as moot.

As the Court understands it, Ange's Auto seeks leave to dismiss this insurance action with prejudice. (Doc. 52 at 4 ("Plaintiff now moves this Honorable Court for an Order of Voluntary Dismissal with prejudice.")); *but see* (Doc. 52 at 4 (Plaintiff "respectfully requests that this Honorable Court

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

grant its Motion and enter an Order Voluntarily Dismissing the subject action without prejudice.")). It wants to do so because counsel learned an exclusion bars coverage. (Doc. 52 at 4 ("Counsel confirmed with Defendant's insurance agent the subject policy [exclusion] in question was accurate.")). What's more, during their Rule 3.01(g) conference, the parties apparently agreed "movant" (either Ange's Auto or its counsel) would pay Century's litigation costs. (Doc. 52 at 4). On attorney's fees, however, the parties do not see eye to eye.

Federal Rule of Civil Procedure 41(a)(2) allows dismissal of an action "on terms that the court considers proper." Unlike its counterpart in Rule 41(a)(1), this dismissal "is not a matter of right." *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991). Still, "dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Id.* at 1502-03. The decision "is within the sound discretion of the district court." *Id.* at 1503. And when exercising that discretion, a "court should keep in mind the interests of the defendant" because "Rule 41(a)(2) exists chiefly for protection of defendants." *Id.*

To decide whether a defendant suffers prejudice, many courts consider multifactor tests. *E.g.*, *United States v. $70,670 in U.S. Currency*, No. 15-CV-23616-GAYLES/TURNOFF, 2018 WL 278890, at *2 (S.D. Fla. Jan. 3, 2018). While the Eleventh Circuit never approved any list of factors, it told courts to "weigh the relevant equities and do justice between the parties in each case,

imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) (citation omitted). Here are some facts many judges consider: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000) (citation omitted). At bottom though, courts ask whether "the defendant would lose any substantial right by the dismissal." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (cleaned up).

As mentioned, the Court may impose curative conditions on dismissal. *Id.* Those conditions can include reasonable attorney's fees and costs. *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986); *Sargeant v. Hall*, 951 F.3d 1280, 1285 n.3 (11th Cir. 2020).

Here, the Court finds dismissal is appropriate with those conditions on which the parties appear to agree. Best the Court can tell, Ange's Auto agrees to dismiss the action with prejudice and with Century entitled to its litigation costs. A with-prejudice dismissal and costs will not threaten any of Century's substantial rights. *See Arias*, 776 F.3d at 1268. What's more, those conditions

3

are altogether proper given the factors above. This outcome eliminates unnecessary litigation by resolving all issues except liability for attorney's fees.

Yet the uncertainty of who bears attorney's fees cannot prevent dismissal here. The imposed conditions fix any prejudice to Century caused by a dismissal now. Whether Ange's Auto (or counsel) should be liable for attorney's fees is a separate matter that can be addressed after judgment. *See* Local Rule 7.01. To hold otherwise would force Ange's Auto to pursue a case it wants to abandon, which the Court is generally loath to do. *Auclair v. Bonita Springs Lodge #2753 Benevolent and Protective Order of Elks of USA, Inc.*, No. 2:19-cv-697-FtM-38MRM, 2020 WL 3205950, at *2 (M.D. Fla. June 15, 2020). Such a result would be especially absurd here. It would demand Ange's Auto litigates a loser because who should pay the lawyers is unsettled—all the while running the bill up higher.

So the Court grants Ange's Auto's Motion. Given that ruling, Century's Motion for Summary Judgment is moot. Likewise, its Motion for Sanctions is moot too (at least in part). *See* (Doc. 48) (seeking dismissal of action or striking of pleadings). And again, if Century's position on sanctions is not totally moot, it may seek attorney's fees in the normal course described in Local Rule 7.01. *See Reeder v. Am. Sec. Ins.*, No. 6:20-cv-1795-Orl-22GJK, 2021 WL 1227530, at *3-4 (M.D. Fla. Jan. 20, 2021) (granting Rule 41(a)(2) dismissal and directing party to file motion for fees).

4

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 41) is **DENIED as moot**.

2. Defendant's Motion for Sanctions Against Plaintiff and Its Attorneys (Doc. 48) is **DENIED as moot**.

3. Plaintiff's Amended Motion to Dismiss With Leave of Court (Doc. 52) is **GRANTED**.

    a. This action is **DISMISSED with prejudice**.

    b. Defendant is **AWARDED** its litigation costs (as the parties agreed).

    c. Defendant may file a motion for attorney's fees in accordance with the Local Rules.

4. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5