# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**ANGE'S AUTO REPAIR & SERVICE, INC.**,

    Plaintiff,

v.                                                      2:21-cv-655-SPC-NPM

**CENTURY SURETY COMPANY**,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Ange's Auto Repair & Services, Inc. initiated this breach-of-contract action against defendant Century Surety Company, alleging Century failed to provide coverage for wind damage pursuant to an insurance policy. But the policy did not provide coverage for wind damage. So, about two months after the parties' exchange of Rule 26(a)(1) disclosures and the filing of Century's answer to the operative complaint—which included a complete copy of the policy—Century served Ange's Auto with a $1,000 offer of judgment under Florida Statute § 768.79. Ange's Auto did not accept.

The action was ultimately dismissed with prejudice when Ange's Auto acknowledged—after the filing of Century's summary-judgment motion—that the policy did not cover wind damage. (Doc. 54). Subsequently, the court found that Ange's Auto should be sanctioned under § 768.79 because it had failed to accept

Century's good-faith settlement offer. (Doc. 59). The parties could not agree to a dollar figure for the sanction, and Century now moves the court to make the determination. (Doc. 60). Ange's Auto has offered nothing in response to Century's motion, and the response time has long since expired.

## I.      Florida's Offer-of-Judgment Sanction

Florida's offer-of-judgment statute "was enacted to deter parties from rejecting presumably reasonable settlement offers by imposing sanctions through costs and attorney's fees." *Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 79 (Fla. 2012); *see also Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 649 (Fla. 2010) (Florida statute § 768.79 "provides a sanction against a party who unreasonably rejects a settlement offer").[1] To start, the sanction includes "reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court." Fla. Stat. § 768.79(7). The statute's use of "guidelines promulgated by the Supreme Court" refers to the "guidelines" in Appendix II of the Florida Rules of Civil Procedure, which provide that items like expert-witness-testimony and attorney-ad-litem fees *should* be included; that items like mediator or arbitrator fees *may* be included; and

---

[1] The statute is substantive and therefore applies in diversity cases based on state-law claims. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011).

2

that attorney's fees for travel time or reviewing documents for privilege, among other things, *should not* be included. *See* Fla. R. Civ. P. app II.[2]

As for the fee portion of the sanction, after arriving at a lodestar figure based on reasonable hourly rates for a reasonable number of hours,[3] a court must consider whether the lodestar should be reduced[4] to arrive at an appropriate sanction. *See Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 223 (Fla. 2003). As set forth in Florida Statute § 768.79(8)(b):

> When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
>
> 1. The then apparent merit or lack of merit in the claim.
>
> 2. The number and nature of offers made by the parties.
>
> 3. The closeness of questions of fact and law at issue.
>
> 4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.

---

[2] In the past, some of Florida's intermediate appellate courts had justified using a contingency-fee multiplier to calculate § 768.79 sanctions by construing the "guidelines" reference in § 768.79 as referring to a rule of ethics that allows as much. However, in *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210 (2003), the Florida Supreme Court rejected the use of any contingency-fee multiplier when calculating a § 768.79 sanction, and it disapproved of those intermediate appellate court cases.

[3] A lodestar figure is the product of a two-step, fact-intensive and case-specific inquiry, asking: (1) what would a lawyer in this division assess a paying client per hour to provide representation comparable to the legal skill, expertise, and acumen supplied to the fee-applicant in this particular case, and (2) how many hours would have been appropriate for the lawyer, practicing good billing judgment, to bill such a client for the prosecution or defense of the action, as the case may be.

[4] Because entitlement turns on other criteria in § 768.79, courts may not use the reasonableness criteria to decline an award altogether. *See Braaksma v. Pratt*, 103 So. 3d 913, 915 (Fla. 2d DCA 2012).

5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.

6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

While this list is not exhaustive, the phrase "along with all other relevant criteria" refers to "similar considerations related to the evaluation and rejection of the offer of judgment." *Sarkis*, 863 So. 2d at 224 (Wells, J. concurring).

## II. Reasonable Attorney's Fee

### A. Reasonable rates

Century seeks $33,819 in fees for 157.2 hours of attorney work billed at rates of $215-$250 per hour for senior partner Michael Simon, $200-$220 per hour for partner Holly M. Johnson, and $185 for associate Brian S. Jacobson, as well as 20.1 hours of paralegal work billed at rates of $110-$115. (Doc. 60 at 5). The applicant bears the burden of producing satisfactory evidence of market rates for the services at issue. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). But the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Mraz v. I.C. Sys., Inc.*, No. 2:18-cv-254-FtM-38NPM, 2021 WL 4086147, *5 (M.D. Fla. Aug. 23, 2021) (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

In support of its counsel's hourly rates, Century supplied an affidavit with opinion testimony from a retired attorney and occasional mediator who claimed to be familiar with hourly rates in central and northern Florida. (Doc. 60-1). But this matter was not litigated in central or northern Florida. And the affidavit is otherwise useless because it does not offer any evidence about "rates actually billed and paid in similar lawsuits." *Mraz*, 2021 WL 4086147 at *6 (quoting *Norman*, 836 F.2d at 1299). Nevertheless, based on the skill and talent displayed in this action, and informed by its own knowledge and experience, the court should find the rates billed by Century's counsel reasonable. *Cf. Jarvis v. Geovera Specialty Ins. Co. Inc.*, No. 8:17-cv-296-T-24, 2017 WL 10294860, *1 (M.D. Fla. Sept. 5, 2017) (calculating the fee portion of a § 768.79 sanction in an insurance-coverage dispute based on an hourly rate of $230 for a partner with 17 years of experience and a rate of $105 for a paralegal).

### B. Reasonable hours

"Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *In re Home Depot Inc*., 931 F.3d 1065, 1087 (11th Cir. 2019). Since it is "the duty of the courts to see that excessive fees and expenses are not awarded," the fee applicant's timesheets must be viewed from the perspective of a cost-sensitive client, and if such a client would refuse to authorize the work or balk at certain entries, and justifiably so, then they should not be awarded. *ACLU of Ga.*

*v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). In other words, fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Id.* (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis, or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The court has "wide discretion in performing these calculations . . . *." Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Upon a careful review of the docket and the submitted timesheets, there are numerous time entries that would be unreasonable for Century to shift to its adversary. First are the hours that would be removed from a client's bill if exercising proper billing judgment—such as time devoted to the filing of an unnecessary motion. Specifically, as the court noted in its prior order (Doc. 59), the motion to enforce settlement as to taxable costs (Doc. 58) was unnecessary because the court had already ordered Ange's Auto to pay Century's taxable costs and entered judgment. (Docs. 54, 55).[5] And second, are the duplicative hours.[6]

---

[5] *See, e.g.*, the entries of timekeepers HJ and EM on 10-21-22, 10-31-22 and 11-2-22.

[6] *See, e.g.*, the entries of timekeeper HJ on 1-19-22, 1-28-22, 2-9-22, 2-15-22, 2-21-22, 2-25-22, 3-8-22 and 4-28-22.

6

Third, are the entries related to reviewing items for privilege, which—according to the guidelines—should not be assessed against one's adversary.[7] And fourth, the timesheets include scores of entries that are redacted to avoid disclosing privileged communications. Given the redactions, one cannot assess whether the amounts of time are reasonable or whether the tasks are appropriate for inclusion in the § 768.79 sanction. More than 30 of the 177 hours fall into these four categories, and rather than parse them out one by one, the court should discount the overall fee request by an across-the-board cut of twenty percent.

  **C.** **Considerations related to the plaintiff's evaluation and rejection of the offer of judgment**

If this were a traditional prevailing-party-fee-shifting analysis, we might stop here. But Florida's offer-of-judgment statute requires another step. Essentially, the factors outlined in § 768.79(8)(b) require an assessment about the extent to which a party should be penalized for not accepting a settlement offer given the overall circumstances of the case. And in light of the statute's goals of maximizing efficient dispute resolution and minimizing litigation burdens—in terms of both time and money—on the parties and the courts, this evaluation should consider whether the party who made the unaccepted settlement offer subsequently failed to take reasonable steps to secure an expeditious resolution. Such is the case here.

---

[7] *See, e.g.*, the entries of timekeepers KS and HJ on 1-11-22, 3-8-22 and 3-9-22.

This action presented a straightforward question about insurance coverage: whether the policy, by its express terms, did or did not provide coverage for wind damage. The operative complaint alleged that it did, and the answer—accompanied by a copy of the policy—said it did not. When Century presented this strictly legal question to the court in its summary-judgment motion, Ange's Auto immediately abandoned its claim. Given the overall record, it seems appropriate for us to form a rather firm conviction that if Century had reacted to the expiration of its offer of judgment by promptly filing a motion for judgment on the pleadings, this matter would have resolved well before the undertaking and completion of discovery. Indeed, a stay of discovery pending the resolution of such a motion would have been meritorious. But Century elected to forego such an approach and to undertake—what it presumably viewed as essentially pointless—fact and expert discovery instead.

To incentivize parties "to secure the just, speedy, and inexpensive determination of every action" (Civil Rule 1), and to arrive at an appropriate sanction given § 768.79(8)(b)'s requisite considerations, the sanction in this case should not include fees related to discovery tasks. Roughly one-third of the timesheet entries relate to such tasks. And so, the fee request should be reduced by another thirty-three percent. Applying an across-the-board cut of fifty-three percent, the fee portion of the § 768.79 sanction should be set at **$15,894.93**.

### III. Reasonable Costs

As for the costs portion of the sanction, it should be noted that this is a different question apart from the taxation of any costs. Florida's offer-of-judgment sanction is not a traditional prevailing-party-fee-and-cost-shifting provision. Indeed, a plaintiff could prevail and thereby be entitled to recover its taxable costs from the defendant but nevertheless be sanctioned under § 768.79 for unreasonably refusing a good-faith settlement offer. In such an instance, the plaintiff's entitlement to taxable costs would then be offset, and could even be outstripped by, having to reimburse the defendant for its reasonable—and not just taxable—costs (and more).[8]

Pursuant to an agreement between the parties, the court has already awarded Century its taxable costs. (Doc. 54). Here, Century merely seeks to include—within the costs portion of the § 768.79 sanction—the $1,990 expert-witness fee it purportedly incurred for the affidavit supplied in support of its § 768.79 motion. (Doc. 60 at 9). But according to the guidelines, such an expert-witness fee is not among the items that should, or even may, be included. *See* Fla. R. Civ. P. app II. And the affidavit is of no use to the court. So, this expert-witness fee should not be included in the § 768.79 sanction.

---

[8] The phrase "all reasonable costs" is not limited to "taxable costs." *The Florida Bar Re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment)*, 550 So. 2d 442, 444 n.2 (Fla. 1989).

## IV. Conclusion

Century's motion (Doc. 60) should be **granted in part**. The court should impose a § 768.79 sanction in the amount of **$15,894.93** and direct the clerk to enter an amended judgment in Century's favor for this amount.

Recommended on February 13, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **The parties are firmly encouraged to meaningfully confer in good faith to narrow or resolve any objections to this report before the end of the fourteen-day objection period, and to file a notice of any agreed resolution of Century's claim for fees.**